1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT E. GERKIN, | ) | No. C 08-1602 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER OF DISMISSAL; |
| | ) | ORDER DENYING |
| | ) | PETITIONER'S MOTION |
| vs. | ) | FOR RELIEF FROM |
| | ) | JUDGMENT; DENYING |
| | ) | MOTIONS TO PROCEED IN |
| M.C. KRAMER, Warden, | ) | FORMA PAUPERIS AS |
| | ) | MOOT |
| Respondent. | ) | |
| | ) | (Docket Nos. 1, 2, 4) |

Petitioner, a California prisoner proceeding pro se, filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Petitioner requests permission to raise new claims alleging fraud in his underlying 1995 criminal conviction in the Santa Clara Superior Court. Petitioner filed an earlier habeas action with this Court, case number C 01-20766 JF (PR), challenging the same conviction and sentence raised in the instant motion. In case no. C 01-20766 (PR), the Court denied the petition on the merits on December 19, 2003. The Court of Appeals affirmed this Court's denial of the petition in August 2005. The Court will DISMISS the instant habeas action as a

1    second or successive petition pursuant to 28 U.S.C. § 2244(b).

2                                      **DISCUSSION**

3        Petitioner moves the Court for relief from judgment pursuant to Federal Rule of

4    Civil Procedure 60(b).  In the instant motion, Petitioner alleges two new claims for habeas

5    relief: (1) the prosecution committed misconduct by convincing the trial court that it did

6    not have to exclude any of the prosecution's witnesses from the preliminary examination;

7    and (2) the prosecution acted in collusion with the expert witness to expound a theory

8    developed by the witness and her business partner at their anger management clinic.

9        A Rule 60(b) motion in a § 2254 case is not to be treated as a successive habeas

10   petition if it does not assert, or reassert, claims of error in the movant's state conviction.

11   Gonzalez v. Crosby, 545 U.S. 524, 537-38 (2005).  If neither the motion itself nor the

12   federal judgment from which it seeks relief substantively addresses federal grounds for

13   setting aside the movant's state conviction, allowing the motion to proceed as

14   denominated creates no inconsistency with the habeas statue and rules.  Id. at 533.

15       A Rule 60(b) motion that contains one or more "claims," i.e., an asserted basis for

16   relief from a state court's judgment of conviction, is, if not in substance a successive

17   habeas petition, at least similar enough that failing to subject it to the same requirements

18   would be inconsistent with the habeas statute.  Gonzalez, 545 U.S. at 530-31.  In most

19   cases, determining whether a Rule 60(b) motion advances one or more "claims," and

20   therefore should be treated as a successive habeas petition, will be relatively simple.  Id.

21   at 532.  A motion that seeks to add a new ground for relief will of course qualify.  Id.  A

22   motion can also be said to bring a "claim" if it attack's the federal court's previous

23   resolution of a claim on the merits, since alleging that the court erred in denying habeas

24   relief on the merits is effectively indistinguishable from alleging that the movant is, under

25   the substantive provisions of the statutes, entitled to habeas relief.  Id. at 532; see also

26   Allen v. Ornoski, 435 F.3d 946, 957 (9th Cir. 2006)

27

28   Order of Dismissal; Order Denying Petitioner's Motion for Relief from Judgment; Denying Motions to Proceed in
     Forma Pauperis as Moot
     P:\pro-se\sj.jf\hc.08\Gerkin602dissuc              2

1  (in most cases, a Rule 60(b) motion should be treated as a successive habeas petition if

2  the factual predicate for the motion also states a claim for a successive petition under

3  28 U.S.C. § 2244(b)); Ortiz v. Stewart, 195 F.3d 520, 520-21 (9th Cir. 1999) (same);

4  Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998) (same).

5       A district court must dismiss claims presented in a second or successive habeas

6  petition challenging the same conviction and sentence unless the claims presented in the

7  previous petition were denied for failure to exhaust.  See 28 U.S.C. § 2244(b)(1); Babbitt

8  v. Woodford, 177 F.3d 744, 745-46 (9th Cir. 1999).  Additionally, a district court must

9  dismiss any new claims raised in a successive petition unless the petitioner received an

10  order from the court of appeals authorizing the district court to consider the petition.  See

11  28 U.S.C. § 2244(b)(2), (3).

12       The Court construes Petitioner's motion pursuant to Rule 60(b) as a second or

13  successive petition challenging the same conviction and sentence as in Petitioner's earlier

14  habeas action, C 01-20766 JF (PR).  Petitioner raises two new claims of error in his 1995

15  Santa Clara Superior Court criminal proceedings.  See Pet.'s Motion at 6-10.  The instant

16  motion challenges the same conviction and sentence as the earlier petition in case no.

17  C 01-20766 JF (PR).  This earlier habeas petition was denied on the merits, and Petitioner

18  has not presented an order from the Court of Appeals authorizing this Court to consider

19  any new claims.  Accordingly, this Court must dismiss the instant habeas action in its

20  entirety.  See 28 U.S.C. § 2244(b)(3)(A).

21  **CONCLUSION**

22       Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil

23  Procedure 60(b) (docket no. 1) is DENIED. The instant habeas action is DISMISSED

24  without prejudice as a second and successive petition pursuant to 28 U.S.C. § 2244(b).

25  ///

26  ///

27  ///

28

1    Based upon the dismissal, Petitioner's motions to proceed in forma pauperis (docket nos.

2    2, 4) are DENIED as moot.  The Clerk shall terminate any pending motions and close the

3    file.

4        IT IS SO ORDERED.

5    DATED: ___5/9/08_____        _____
                                        JEREMY FOGEL
6                                       United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal; Order Denying Petitioner's Motion for Relief from Judgment; Denying Motions to Proceed in Forma Pauperis as Moot
P:\pro-se\sj.jf\hc.08\Gerkin602dissuc                4